## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JOHN NICHOLS ON BEHALF OF
THE NICHOLS FAMILY TRUST, NU
VIEW TRUST CO., and JOHN
EDWIN NICHOLS ROTH IRA;
LAWRENCE J. SZROM, individually;
PRASAD KANDULA ON BEHALF OF
PEACOCK LIMITED PARTNERSHIP;
ELLIOT GRODKO, individually;
RYAN AND JAMIE SMITH,
individually and as authorized
representatives of MHPI V, LLC, JR
SMITH HOLDINGS LLLP, and
ELEVATION EMPLOYEES, LLC,

        Plaintiffs,

      v.

KMD INVESTMENTS I, LP, KMD
INVESTMENTS III, LP, KMD
INVESTMENTS V, LP, KMD
SEGREGATED PORTFOLIO, SPC,
DAHN CORPORATION, NANCY
NAEVE, DAVID JORGENSEN,
BRIAN DAHN, MHPI VII, LLC,
ELEVATION FUND 8, LLC,
ELEVATION FUND VERO BEACH
SA, LLC, MHPI VII MANAGER, LLC,
ELEVATION FUND 8 MANAGER,
LLC, and VERO BEACH MANAGER,
LLC,

        Defendants.

Case No.:

1

## KMD INVESTMENTS I, LP, KMD INVESTMENTS III, LP, KMD INVESTMENTS V, LP, DAHN CORPORATION, NANCY NAEVE, DAVID JORGENSEN, AND BRIAN DAHN'S NOTICE OF REMOVAL

Please take notice that Defendants KMD Investments I, LP, KMD Investments III, LP, KMD Investments V, LP, Dahn Corporation, Nancy Naeve, David Jorgensen, and Brian Dahn (collectively, "Removing Defendants") hereby remove this civil action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1332(d), 1453, and 1446. This Court has subject-matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. § 1332(d), because at least one member of the putative class and at least one defendant are citizens of different states, the amount in controversy exceeds $5,000,000, and the putative class has at least one hundred members. In support of removal, Removing Defendants state as follows:

## I.    Background

1.    On or about January 20, 2026, Plaintiffs John Nichols on behalf of the Nichols Family Trust, Nu View Trust Co., and John Edwin Nichols Roth IRA, Lawrence J. Szrom, Prasad Kandula on behalf of Peacock Limited Partnership, Elliot Grodko, Ryan and Jamie Smith, MHPI V, LLC, JR Smith Holdings LLLP, and Elevation Employees, LLC ("Plaintiffs") filed a putative

class action against Defendants KMD Investments I, LP, KMD Investments III, LP, KMD Investments V, LP, Dahn Corporation, Nancy Naeve, David Jorgensen, Brian Dahn, MHPI VII, LLC, Elevation Fund 8, LLC, Elevation Vero Beach SA, LLC, MHPI VII Manager, LLC, Elevation Fund 8 Manager, LLC, and Vero Beach Manager, LLC. A copy of the original complaint is annexed as **Exhibit A**.

2. Plaintiffs' complaint is styled as a putative class action and seeks certification as such. *See* Exhibit A ¶¶ 84–95.

3. Removing Defendants received the complaint on January 21, 2026.

4. Plaintiffs allege (i) securities fraud under California law, (ii) securities fraud under Florida law, (iii) common law fraudulent inducement, (iv) common law negligent misrepresentation, (v) breach of contract, and request (vi) declaratory judgment. *See* Exhibit A ¶¶ 96–135.

5. Removing Defendants deny any wrongdoing.

6. Removing Defendants note that most of the claims and issues presented in Plaintiffs' complaint were fully litigated, fairly tried, and conclusively rejected last year after a week-long arbitration in Wilmington, Delaware styled *KMD Investments I, LP and KMD Investments III, LP v. MHPI VII Management, LLC and Elevation Fund 8 Management, LLC*, Arbitration No. 01-24-0005-3766 (Am. Arb. Ass'n).

7. Removing Defendants further note that the binding arbitration award is the subject of ongoing, uncontested confirmation proceedings in the Delaware Court of Chancery. *See KMD Investments I, LP and KMD Investments III, LP v. MHPI VII Management, LLC and Elevation Fund 8 Management, LLC*, Case No. 2025-0325 (Del. Ch.).

## II. CAFA's Minimal-Diversity Requirement Is Met.

8. CAFA requires only minimal diversity, *i.e.*, that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (holding that minimal diversity exists where "at least one plaintiff and one defendant are from different states").

9. Plaintiffs allege that they are citizens of Florida, Illinois, New Jersey, and California. *See* Exhibit A ¶¶ 9–17. Plaintiffs Ryan and Jamie Smith, for example, allege that they are citizens of Florida. *See id.* ¶ 10.

10. Defendants Nancy Naeve, David Jorgensen, and Brian Dahn are citizens of California. *See* Exhibit A ¶¶ 31, 34, 36.

11. Thus, minimal diversity exists because at least one plaintiff (*e.g.*, Ryan Smith, Jamie Smith) is a citizen of Florida, and at least one defendant (*e.g.*, Nancy Naeve, David Jorgensen, Brian Dahn) is a citizen of California.

12. CAFA's minimal-diversity requirement therefore is satisfied.

### III.    CAFA's Amount-In-Controversy Requirement Is Met.

13.    CAFA requires that "the matter in controversy exceed[] the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2).

14.    The notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

15.    Plaintiffs allege an amount in controversy exceeding $5,000,000. *See* Exhibit A ¶¶ 1 ("approximately $5.5 million"), 6 ("at least $5,586,069.84"), 79 ("at least $5,586,069.84").

16.    CAFA's amount-in-controversy requirement therefore is satisfied.

### IV.    CAFA's Numerosity Requirement Is Met.

17.    CAFA requires that "the number of members of all proposed plaintiff classes in the aggregate" be at least 100. *See* 28 U.S.C. § 1332(d)(5)(B).

18.    Class members include all those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

19.    Plaintiffs allege that the putative class contains "several hundred investors or more." *See* Exhibit A ¶ 87.

20.    CAFA's numerosity requirement therefore is satisfied.

## V.    All Procedural Requirements For Removal Are Met.

21.    Removing Defendants received the complaint on January 21, 2026. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446.

22.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06(b), Removing Defendants file this Notice of Removal alongside legible copies of all process, pleadings, orders, and papers served or docketed in the state court action. *See generally* Exhibit A and Composite Exhibit B.

23.    Removal to this Court is proper under 28 U.S.C. § 1391 because this Court is the United States District Court for the district and division corresponding to the place where the state court action is pending. Therefore, removal to this Court is proper under 28 U.S.C. § 1453(b).

24.    Pursuant to 28 U.S.C. § 1446(d), Removing Defendants will promptly serve written notice of this Notice of Removal upon counsel for Plaintiffs and all co-Defendants and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

25.    Removing Defendants reserve all rights, claims, privileges, and defenses, including but not limited to lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, and failure to join a party under Federal Rule of Civil Procedure 19.

**WHEREFORE**, KMD Investments I, LP, KMD Investments III, LP, KMD Investments V, LP, Dahn Corporation, Nancy Naeve, David Jorgensen, and Brian Dahn, having provided notice as required by law, now remove the above-captioned action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida.

Dated: February 18, 2026

**MCCARTER & ENGLISH, LLP**

*/s/ Irain J. Gonzalez*
IRAIN GONZALEZ, ESQ. (LEAD COUNSEL)
Fla. Bar No. 92408
Primary: igonzalez@mccarter.com
Secondary: chfernandez@mccarter.com
BRIANA JOSEPHS, ESQ.
Fla. Bar No. 1044192
Primary: bjosephs@mccarter.com
121 Alhambra Plaza, Suite 1700
Coral Gables, FL 33134

TRAVIS FERGUSON, ESQ.*
Primary: tferguson@mccarter.com
Four Gateway Center
100 Mulberry St.
Newark, NJ  07102

DEAN ELWELL, ESQ.*
Primary: delwell@mccarter.com
BRENDAN E. ASHE, ESQ.*
Primary: bashe@mccarter.com
265 Franklin St.
Boston, MA  02110

*\*Pro hac vice* admissions pending

7

**Counsel for KMD Investments I, LP,
KMD Investments III, LP, KMD
Investments V, LP, Dahn
Corporation, Nancy Naeve, David
Jorgensen, and Brian Dahn**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 18, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF. I also certify that a copy of the foregoing document is being served on counsel for the Plaintiffs and the co-Defendants via email.

_/s/ Irain J. Gonzalez_
Irain J. Gonzalez

8